**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al, <br><br> *Plaintiffs*, <br><br> v. <br><br> TAYLOR ROOFING SOLUTIONS, INC., et al., <br><br> *Defendants*. | Case No. 4:18-cv-01862-JCH |

**REPLY BRIEF
IN SUPPORT OF DEFENDANTS' MOTIONS TO DISMISS AND/OR FOR MORE
DEFINITE STATEMENT AS TO COUNTS I AND II AND TO STAY COUNTS III AND
IV OF PLAINTIFFS' FIRST AMENDED COMPLAINT**

A reference to "notice pleading" is not a panacea for a federal court complaint that fails to meet the standard of going beyond more than labels and conclusions and a formulaic recitation of the elements of a cause of action. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)   And, [A] court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth. While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations. When there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief.  *Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 173 L. Ed. 2d 868 (2009).

Take for example, the reference in the first amended complaint to Section 351.486.3 RSMO, which provides in pertinent part:

1

"[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs…"

While not conceding its application to the case at bar, section 351.486 is clearly a recitation of the law.

Then, a comparison to the allegations in the first amended complaint shows a legal conclusion without well-pleaded factual allegations.

**16.   Upon information and belief Gerrit Yank continued to operate and carry on business, in a manner other than for winding up and liquidate its affairs, under the name Taylor Roofing Solutions, Inc.  (First Amended Complaint.)**

It is proper for this Court to rule that the phrase "in a manner other than" is not a well-plead factual allegation**.**  Paragraph 48 of the first amended complaint suffers from the same pleading deficiency.  Under Missouri law, upon dissolution a corporation continues its existence, but is limited to activities appropriately calculated to wind up and liquidate its business - it generally may not carry on any new business. *Asaro v. Division of Empl. Sec*., 32 S.W.3d 623 (Mo. App. 2000)  Without any factual allegations that Gerrit Yank is carrying on new business, the claim of personal liability fails under both the reference to federal law (as set forth in defendants' memorandum of law in support of their motion to dismiss) and the above reference to Missouri state law.

Likewise, the reference to Illinois law fails to state a claim for relief.  Because, by its plain language, Section 8.65(a)(3) applies only to "directors," this statutory provision cannot support Plaintiffs' cause of action against Gerrit Yank as an <u>officer</u> (paragraph 15 of the First Amended Complaint.)  Thus, dismissal is proper.  See  *Bd. of Trs. v. Moroni*, 905 F. Supp. 2d 846, (N.D. Ill. 2012)

Turning to the federal claims under ERISA and the LMRA, the plaintiffs must give the defendants fair notice of both the nature of their claims and the factual grounds upon which they rest. *Hallmark Cards, Inc. v. Monitor Clipper Partners LLC*, 2010 WL 5129288 at *4 (W.D. Mo. Nov. 22, 2010); *Int'l Longshore & Warehouse Union v. Grain*, 2013 WL 6665725, at *5 (D. Or. Dec. 17, 2013)(dismissal was appropriate where facts alleged by plaintiff, when taken as true, did not "plausibly state the single employment element of the alter ego theory.")

The first amended complaint, for example, does contain the bare recitation of the law as to a single employer theory of liability.

The four factors that are considered to determine whether two distinct business entities are to be treated as a *single employer for purposes of the National Labor Relations Act* (emphasis added): (1) interrelation of operation, (2) common management, (3) centralized control of labor relations, and (4) common ownership or financial control.  <u>Radio & Television Broadcast Technicians Local Union 1264 v. Broadcast Service of Mobile, Inc.</u>, 380 U.S. 255, 256, 13 L. Ed. 2d 789, 85 S. Ct. 876 (1965).

But, a close examination of paragraph 50 of the first amended complaint again reveals use of legal conclusions, such as "common management" but no factual allegations in support. Dismissal is proper.

Finally, as to the defendants' motion to stay, Counts III and IV of the First Amended Complaint are being brought by plaintiff Roofers Local 2 which **is** a party to the concurrent NLRB action.  Thus, it is somewhat misleading for the plaintiffs to reference the "Plaintiffs Funds" as not being a part of the NLRB proceeding because the Plaintiff Funds are not listed as the operative plaintiff in Count III and IV.  Given that Roofers Local 2 is a party with the same issues pending with both the NLRB and this Court, there would be a duplication of potential rulings especially

3

given that the arbitration award in Counts III and IV concerns the same issues that Roofers Local 2 is litigating before the NLRB against defendants Taylor Roofing Solutions, Inc. and Capitol Roofing Solutions LLC.  The motion to stay Counts III and IV is well-founded as a matter of law.

Dated: March 4, 2019                                                            Respectfully submitted,

/s/ *James G. Nowogrocki*
James G. Nowogrocki, 38559MO
Jenna A. Scott, 71163MO
HEYL, ROYSTER, VOELKER & ALLEN, P.C.
P.O. Box 775430
St. Louis, MO 63177
Phone: 314-241-2018
Facsimile: 314-297-0635
Email: jnowogrocki@heylroyster.com

*Attorney for Defendants*

## CERTIFICATE OF SERVICE

I, the undersigned, certify that copy of the foregoing has been electronically served on all counsel of record via the Court's CM/ECF system on this 4th day of March 2019.

/s/  *James G. Nowogrocki*
*Attorney for Defendants*