UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) No. 4:18CV1862 JCH ) |
| TAYLOR ROOFING SOLUTIONS, INC., et al., | ) ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendants' Partial Motion to Dismiss and/or for More Definite Statement for Failure to State a Claim upon which Relief can be Granted and Partial Motion to Stay, filed February 11, 2019. (ECF No. 16). The motion is fully briefed and ready for disposition.

## BACKGROUND

Plaintiffs filed their original Complaint in this matter on October 30, 2018, in an effort to collect fringe benefit contributions allegedly due and owing from Defendants pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. (ECF No. 1). Plaintiffs further sought to confirm an arbitration award and enforce the collective bargaining agreement ("CBA") pursuant to the Missouri Uniform Arbitration Act and Section 301 of the LMRA.

Plaintiffs filed their First Amended Complaint on December 17, 2018. (ECF No. 6). In Count I of their First Amended Complaint, Plaintiffs allege Defendant Taylor Roofing Solutions,

Inc. has been a party to a CBA with Plaintiff United Union of Roofers, Waterproofers and Allied Workers, Local No. 2 ("Roofers Local 2") since at least August 22, 2017. (FAC, ¶¶ 5, 27). Plaintiffs allege that although the CBA required Taylor Roofing Solutions to, among other things, make monthly contributions to the Pension Plan, Education Plan, Supplemental Pension Plan, Welfare Fund, and Apprentice Fund, and make monthly written reports to Plaintiffs, Taylor Roofing Solutions has failed to make the required contributions, submit the required reports, or submit to a payroll audit. (*Id.*, ¶¶ 30-47). Plaintiffs thus maintain Taylor Roofing Solutions is in breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145. Plaintiffs seek to hold Gerrit Yank, the sole owner of Taylor Roofing Solutions, personally liable for any and all obligations incurred by Taylor Roofing Solutions.[1] (*Id.*, ¶¶ 14-16, 47-48). In Count II, Plaintiffs seek to hold Defendants Capitol Roofing Solutions and Beltran Contractors liable for damages, claiming they either have operated as a single enterprise and single employer with Taylor Roofing Solutions, and/or each is the alter ego of the other. (*Id.*, ¶¶ 49-53).

Counts III and IV of Plaintiffs' First Amended Complaint are brought solely by Roofers Local 2. (FAC, ¶¶ 54, 76). Roofers Local 2 claims the CBA between itself and Taylor Roofing Solutions required the submission of any disputes arising between the parties to the Roofers Local 2 Joint Adjustment Board ("Joint Adjustment Board"). (*Id.*, ¶ 56). The Joint Adjustment Board then had the power to investigate claims and impose remedies, and decisions, awards and orders of the Joint Adjustment Board were final and binding. (*Id.*, ¶¶ 57, 58). Roofers Local 2 claims the Joint Adjustment Board held a hearing to decide a grievance filed by Roofers Local 2

---

[1] According to Plaintiffs, Taylor Roofing Solutions was administratively dissolved in the State of Missouri on or about October 17, 2018, and in the State of Illinois on or about November 9, 2018. (FAC, ¶ 15). Plaintiffs maintain Gerrit Yank nevertheless continued to operate and carry on business, in a manner other than for winding up and liquidating its affairs, under the name Taylor Roofing Solutions after the dissolution. (*Id.*, ¶ 16).

against Taylor Roofing Solutions, and sustained the grievance in a unanimous decision dated January 11, 2018. (*Id.*,¶¶ 60-65). The Joint Adjustment Board ordered Taylor Roofing Solutions to submit to a payroll audit to determine the amount owed to Roofers Local 2. (*Id.*, ¶¶ 66-68).[2] Roofers Local 2 claims that despite this directive, Taylor Roofing Solutions has failed and refused to provide all of the documents necessary for the completion of the payroll audit. (*Id.*, ¶ 71). In Counts III and IV, Roofers Local 2 thus requests that the Court confirm the arbitration award, order an accounting and audit to determine the amounts due and owing, and award Roofers Local 2 any and all available relief.

As noted above, Defendants filed the instant motion on February 11, 2019. (ECF No. 16). Defendants claim (1) that Count I is subject to dismissal as it fails sufficiently to plead a claim for personal liability against Gerrit Yank, (2) that Count II is subject to dismissal because it improperly intertwines two distinct legal theories, single employer and alter ego relationship, in a single count[3], and (3) that Counts III and IV should be stayed pending determination of charges currently pending before the National Labor Relations Board.

## DISCUSSION

**I.** **Count I**

As noted above, in Count I of their First Amended Complaint Plaintiffs allege Taylor Roofing Solutions has failed to make required contributions, submit required reports, or submit to a payroll audit, and that Gerrit Yank, as sole owner of Taylor Roofing Solutions, should be held personally liable for any and all obligations incurred by Taylor Roofing Solutions. In the pending motion Defendants claim Count I is subject to dismissal, as it fails sufficiently to plead a

---

[2] The Joint Adjustment Board further held that Taylor Roofing Solutions, Capitol Roofing Solutions, and Beltran Contractors were a single employer. (FAC, ¶ 65).

[3] In the alternative, Defendants request a more definite statement as to Counts I and II.

- 3 -

claim for personal liability against Gerrit Yank. Specifically, Defendants complain that as a basis for holding Yank personally liable, Plaintiffs plead only "upon information and belief" that he continued to operate and carry on Taylor Roofing Solutions' business in a manner other than for winding up and liquidating its affairs.

Upon consideration, the Court will deny this portion of Defendants' motion. Both Missouri and Illinois law provide that under certain circumstances, individuals who continue to conduct business on behalf of a dissolved corporation may be held personally liable for obligations incurred. *See* Mo. Rev. Stat. § 351.486.3; 805 ILCS 5/8.65(a)(3); 805 ILCS 5/3.20. *See also Local 513, Int'l Union of Operating Engineers, AFL-CIO v. Susie's Const., Inc.*, 2010 WL 3724871, at *1 (E.D. Mo. Sept. 17, 2010); *Laborers' Pension Fund v. Nationwide Environmental*, 2011 WL 10755892, at *1 (N.D. Ill. Mar. 16, 2011). The Court finds Plaintiffs' allegations with respect to Gerrit Yank's actions post-dissolution, while sparse, are sufficient to put Defendants on notice as to the factual basis for their claim against him. *See Laborers' Pension Fund,* 2011 WL 10755892, at *1; *Resolution Trust Corp. v. Fiala*, 870 F.Supp. 962, 978 (E.D. Mo. 1994) ("[T]he Court finds that Plaintiff's Complaint sets forth [its] allegations with sufficient clarity that Defendant reasonably can be expected to frame a responsive pleading.").[4]

## II.    Count II

As noted above, in Count II of their First Amended Complaint Plaintiffs seek to hold Defendants Capitol Roofing Solutions and Beltran Contractors liable for damages, claiming they either have operated as a single enterprise and single employer with Taylor Roofing Solutions, and/or each is the alter ego of the other. Defendants claim Count II is subject to dismissal as it

---

[4] The specific facts underlying Plaintiffs' allegations regarding Mr. Yank may be explored in discovery. *See Iron Workers St. Louis Dist. Council Annuity Trust v. United Ironworkers, Inc.*, 2015 WL 4775191, at *2 (E.D. Mo. Aug. 13, 2015).

improperly intertwines two distinct legal theories, single employer and alter ego relationship, in a single count. Defendants maintain Plaintiffs' claims of single employer and alter ego present different theories of liability, and thus must be separated or dismissed.

"Although the single employer and alter ego doctrines are related, they are conceptually distinct." *Iowa Exp. Distribution, Inc. v. NLRB*, 739 F.2d 1305, 1310 (8th Cir. 1984) (citations omitted).

> The single employer doctrine is a Board creation that treats two or more related enterprises as a single employer for purposes of holding the enterprises jointly to a single bargaining obligation or for the purpose of considering liability for any unfair labor practices….While the single employer doctrine focuses on whether two or more existing business entities should jointly be held to a single labor obligation, the alter ego doctrine focuses on whether one business entity should be held to the labor obligations of another business entity that has discontinued operations….The focus of the alter ego doctrine, unlike that of the single employer doctrine, is on the existence of a disguised continuance of a former business entity or an attempt to avoid the obligations of a collective bargaining agreement, such as through a sham transfer of assets. Unlawful motive or intent are critical inquiries in an alter ego analysis, inquiries which are wholly absent in a single employer analysis.

*Id.* at 1310-11 (internal quotation marks and citations omitted).

Upon consideration the Court agrees that in Count II, Plaintiffs seek to assert two distinct theories under the same count. The Court thus will grant Defendants' motion for a more definite statement with respect to Count II, and order Plaintiffs to replead the theories in separate counts. *See Board of Trustees of the Trucking Employees of North Jersey Welfare Fund, Inc. v. 160 East 22nd Street Realty, LLC*, 2016 WL 4582046, at *8 (D. N.J. Sept. 2, 2016) ("To the extent Plaintiff seeks to hold [Defendants] liable under both a single-employer theory and an alter-ego theory, those theories must be pleaded in separate counts.").

### III. <u>Counts III And IV</u>

The Court has considered the arguments of the parties regarding Counts III and IV, and finds that a stay of said counts is not warranted at this time.

## **CONCLUSION**

Accordingly,

**IT IS HEREBY ORDERED** that Defendants' Partial Motion to Dismiss and/or for More Definite Statement for Failure to State a Claim upon which Relief can be Granted and Partial Motion to Stay (ECF No. 16) is **GRANTED** in part and **DENIED** in part, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that Plaintiffs are granted until **Friday, April 5, 2019**, within which to file a Second Amended Complaint.

Dated this 25th Day of March, 2019.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE