UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

NATIONAL ROOFING INDUSTRY   )
PENSION PLAN,        )
             )
    and      )
             )
ROOFERS AND WATERPROOFERS  )
RESEARCH AND EDUCATION   )
JOINT TRUST FUND,      )  Case No: 4:18-cv-01862
             )
    and      )
             )
KINSEY ROBINSON,      )
as trustee of the National Roofing Industry )
Pension Plan and trustee of the National )
Roofing Industry Education Plan,   )
             )
    and      )
             )
UNITED UNION OF ROOFERS,   )
WATERPROOFERS AND ALLIED WORKERS, )
LOCAL UNION NO. 2, AFL-CIO,   )
             )
    and      )
             )
TRUSTEES OF ROOFERS LOCAL #2  )
SUPPLEMENTAL PENSION PLAN,   )
             )
    and      )
             )
TRUSTEES OF INDIANA STATE COUNCIL OF )
ROOFERS HEALTH AND WELFARE FUND, )
             )
    and      )
             )
TRUSTEES OF UNITED UNION OF ROOFERS, )
WATERPROOFERS AND ALLIED WORKERS, )
APPRENTICE FUND, doing business as Joint )
Roofing Industry Apprentice Committee, )
             )
      Plaintiffs,   )
v.             )
             )

| | |
|---|---|
| TAYLOR ROOFING SOLUTIONS, INC., | ) |
| | ) |
| and | ) |
| | ) |
| GERRIT YANK, an individual doing business as Taylor Roofing Solutions, Inc., | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| TAYLOR ROOFING SOLUTIONS, INC., doing business as Capitol Roofing Solutions, | ) |
| | ) |
| | ) |
| and | ) |
| | ) |
| CAPITOL ROOFING SOLUTIONS, L.L.C., | ) |
| | ) |
| and | ) |
| | ) |
| BELTRAN CONTRACTORS, LLC, | ) |
| | ) |
| Defendants. | ) |

## SECOND AMENDED COMPLAINT

COME NOW Plaintiffs, and for their cause of action against Defendants, allege and state as follows:

### NATURE OF CASE

1.      This is an action to collect fringe benefit contributions from Defendants due and owing to Plaintiffs, pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1132 and 1145, as well as pursuant to Section 301 of the Labor Management Relations Acts of 1947 ("LMRA"), 29 U.S.C. § 185.  Additionally, this is an action pursuant to the Missouri Uniform Arbitration Act and Section 301 of the LMRA to confirm an arbitration award and enforce the collective bargaining agreement.

## PARTIES

2.      National Roofing Industry Pension Plan (hereinafter "Pension Plan") and Roofers and Waterproofers Research and Education Joint Trust Fund (hereinafter "Education Plan") are employee benefit plans within the meaning of 29 U.S.C. § 1002(3) and maintain their principal place of administration at 3001 Metro Drive, Suite 500, Bloomington, Minnesota 55425. The Pension Plan and Education Plan are legal entities that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

3.      The Pension Plan and Education Plan are multi-employer plans within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37), and have been established pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5).

4.      Kinsey Robinson, as trustee of the Pension Plan and Education Plan, is a proper party to this action based on his official capacity and fiduciary duties to the Pension Plan and Education Plan.

5.      United Union of Roofers, Waterproofers and Allied Workers, Local No. 2 (hereinafter "the Union" or "Roofers Local 2") is a labor organization within the meaning of § 2(5) of the National Labor Relations Act (hereinafter "NLRA"), 29 U.S.C. § 152(5), representing employees in an industry affecting commerce within the meaning of § 301 of the LMRA, 29 U.S.C. § 185, and is an employee organization within the meaning of § 3(4) of ERISA, 29 U.S.C. § 1002(4).

6.      The Union maintain its principal offices within this judicial district at 2920 Locust Street, St. Louis, Missouri 63103.

7.      Plaintiffs Trustees of the Roofers Local #2 Supplemental Pension Plan (hereinafter "Supplemental Pension Plan") are fiduciaries of a Trust Fund created pursuant to § 302(c)(5) of

3

the LMRA, 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement.   The Supplemental Pension Plan is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).  The Supplemental Pension Plan is also a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A). The Supplemental Pension Plan is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

8.       Plaintiffs Trustees of the Indiana State Council of Roofers Health and Welfare Fund (hereinafter "Welfare Fund") are fiduciaries of a Trust Fund created pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement.  The Welfare Fund is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).  The Welfare Fund is also a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).  The Welfare Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

9.       Plaintiffs Trustees of the United Union of Roofers, Waterproofers and Allied Workers, Apprentice Fund, doing business as the Joint Roofing Industry Apprentice Committee (hereinafter "Apprentice Fund") are fiduciaries of a Trust Fund created pursuant to § 302(c)(5) of the LMRA, 29 U.S.C. § 186(c)(5), and administered through a Trust Agreement.  The Apprentice Fund is an employee benefit plan within the meaning of §§ 3(3) and 502(d)(1) of ERISA, 29 U.S.C. §§ 1002(3) and 1132(d)(1).  The Apprentice Fund is also a multiemployer plan within the meaning of § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A).  The Apprentice Fund is a legal entity that may sue or be sued, pursuant to 29 U.S.C. § 1132(d).

10.     Defendant Taylor Roofing Solutions, Inc., is an administratively dissolved Illinois corporation and at all times relevant herein was doing business within the State of Missouri and within this Court's jurisdiction.

11.     Gerrit Yank is the sole owner of Taylor Roofing Solutions, Inc.

12.     Taylor Roofing Solutions, Inc., administratively dissolved in the State of Missouri on or about October 17, 2018, and was administratively dissolved in the State of Illinois on or about November 9, 2018.  Pursuant to § 351.486.3 RSMo. and 805 ILCS 5/8.65(a)(3), officers of a dissolved corporation who carry on the business of the corporation, but do not wrap-up its affairs, are personally liable for any obligations incurred by the corporation.

13.     Upon information and belief Gerrit Yank continued to operate and carry on business, in a manner other than for winding up and liquidate its affairs, under the name Taylor Roofing Solutions, Inc. after the dissolution (hereinafter both Gerrit Yank and Taylor Roofing Solutions, Inc. collectively referred to as "Taylor Roofing Solutions").

14.     Defendant Taylor Roofing Solutions is, was, and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

15.     Capitol Roofing Solutions, L.L.C. ("Capitol Roofing Solutions"), is an Illinois limited liability company and at all times relevant herein was doing business within the State of Missouri and within this Court's jurisdiction.

16.     Capitol Roofing Solutions has been the fictitiously registered name of Taylor Roofing Solutions, in the State of Missouri since on or about May 28, 2015.

17.     Capitol Roofing Solutions, is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

18.     Beltran Contractors, LLC ("Beltran Contractors"), is an Illinois limited liability company and at all times relevant herein was doing business within the State of Missouri and within this Court's jurisdiction.

19.     Beltran Contractors is, was and at all relevant times has been, an employer in an industry affecting commerce within the meaning of Sections 3(5), (11), (12) and 515 of ERISA, as amended, 29 U.S.C. §§ 1002(5), (11), (12) and 1145, and of §§ 2(2), (6) and (7) of the LMRA, 29 U.S.C. §§ 152(2), (6) and (7).

20.     Defendants are required by Section 209 of ERISA, 29 U.S.C. § 1059, to maintain records with respect to each employee which are sufficient to determine the benefits due or which may become due to such employees.

## JURISDICTION

21.     This Court has jurisdiction over Plaintiffs' claims pursuant to 29 U.S.C. §§ 185(c), 1132, and 1145.

22.     Venue is appropriate in this district pursuant to 29 U.S.C. § 1132(e)(2) and 28 U.S.C. § 1391(b).

23.     The court has supplemental jurisdiction of state causes of action and the parties thereto by its privilege of supplemental jurisdiction under 28 U.S.C. § 1367; United Mine Workers of America v. Gibbs, 383 U.S. 715 (1966).

## <u>COUNT I – GERRIT YANK D/B/A TAYLOR ROOFING SOLUTIONS, INC.</u>

24.    Plaintiffs reassert and incorporate the allegations set forth in paragraphs 1-23 of their Complaint as if fully set forth herein.

25.    Taylor Roofing Solutions has been a party to a collective bargaining agreement (hereinafter "CBA" or "Agreement") with Roofers Local 2 in St. Louis, Missouri, since at least August 22, 2017.

26.    Taylor Roofing Solutions has at all relevant times to this action been signatory and/or bound by a CBA with Roofers Local 2.

27.    At all times relevant to this action, Taylor Roofing Solutions has employed employees who have performed work covered by the Agreement.

28.    The Pension Plan, Education Plan, Supplemental Pension Plan, Welfare Fund, and Apprentice Fund (collectively "Roofers Funds") are established and operate pursuant to written agreements and declarations of trust.  Taylor Roofing Solutions was at all relevant times bound by these agreements and declarations of trust and obligated to comply with their terms.

29.    The Agreement entered into between Roofers Local 2 and Taylor Roofing Solutions requires Taylor Roofing Solutions to make monthly contributions to the Roofers Funds.  Taylor Roofing Solutions is at all relevant times required to contribute to the Roofers Funds based on the number of hours worked by its employees who are covered by the Agreement.

30.    The Roofers Funds are third party beneficiaries of the CBA.

31.    Taylor Roofing Solutions is required to make monthly written reports to Plaintiffs regarding the number of employees covered by the CBA, the number of hours worked by each employee, and the amounts payable to Plaintiffs.

32.    Under the terms of the CBA, Taylor Roofing Solutions was at all relevant times obligated to remit lawfully deducted Union dues to Roofers Local 2.

33.    The CBA and/or declaration of trust of the Roofers Funds and/or the duly adopted rules of the Roofers Funds, require all reports and contributions to Plaintiffs paid by the fifteenth (15th) day following the end of each month.  If payment is not made by the last day of the month following the end of the month for which the report and contributions are due, the report and contributions are considered delinquent.

34.    The CBA, the agreements and declarations of trust, and ERISA provide remedies to Plaintiffs in the event an employer fails to make required contributions or to submit required reports.  Among the remedies available are costs of collection, attorneys' fees, interest in the amount of one and one-half percent (1-1/2%) per month from the due date, and liquidated damages in the amount of twenty percent (20%) of the delinquent contributions.  In addition, Plaintiffs are entitled to conduct a payroll audit of any books, records, papers and reports of an employer necessary to determine or to verify the amounts due and owing to Plaintiffs under the CBA.

35.    Article 48 of the CBA states in relevant part as follows:

The Employer shall furnish to the Trustees of the Fund, upon request, such information and reports as they may require in performance of their duties. The Trustees or any authorized agent of the Trustees shall have the right at all reasonable times during business hours to enter upon the premises of the Employer and to examine and copy such payroll books, records, papers and reports of the Employer as may be necessary to permit the Trustees to determine whether the Employer is fully complying with the provisions covering Employer contributions.

36.    In 2018 the Pension Plan, Supplemental Pension Plan, and Welfare Fund attempted to conduct a payroll audit of Taylor Roofing Solutions.

37.    Although demand has been made, Taylor Roofing Solutions failed and refused to provide all of the documents necessary for the completion of the payroll audit that were

8

requested by the Pension Plan, Supplemental Pension Plan, and Welfare Fund or their authorized agent conducting the payroll audit.

38.     As a result, Taylor Roofing Solutions has violated the CBA and ERISA.

39.     Since signing the CBA on August 22, 2017, Taylor Roofing Solutions has performed work covered by the CBA but has failed to make all of the required contributions and lawful dues deductions to Plaintiffs as required under the Agreement.

40.     By the terms of the CBA, Taylor Roofing Solutions agreed to make contributions and payments to Plaintiffs on behalf of the employees of Taylor Roofing Solutions covered by the Agreement.

41.     Defendant Taylor Roofing Solutions has failed and refused to file the required reports.  This conduct is in breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.  As a result, Plaintiffs cannot determine the precise amount owed to them.

42.     Defendant Taylor Roofing Solutions has failed and refused to make the required contributions and dues remissions. This conduct is a breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

43.     Pursuant to the CBA, the corresponding agreement and declaration of trusts of the Roofers Funds, and Section 502(g)(2) of ERISA, 29 U.S.C. § 1132(g)(2), Taylor Roofing Solutions owes to Plaintiffs the principal damages together with additional agreed upon and statutory liquidated damages and interest on the delinquent contributions.

44.     Plaintiffs have incurred attorneys' fees and other costs in an effort to remedy Taylor Roofing Solutions' failings.  Plaintiffs are entitled to recover those fees and costs pursuant to agreements and declarations of trust, and by statutory right, pursuant to 29 U.S.C. § 1132(g).

45.     Taylor Roofing Solutions, by its breach of the Agreement, is in violation of Section 515 of ERISA, 29 U.S.C. § 1145, and by its breach of the described plan and trust agreements, has caused and will continue to cause Plaintiffs to incur reasonable legal, administrative, bookkeeping and accounting fees and costs.

46.     As a result of Gerrit Yank continuing to operate and carry on business, in a manner other than for winding up and liquidating its affairs, under the name Taylor Roofing Solutions, Inc., after its dissolution, Gerrit Yank is personally liable for any and all obligations incurred by Taylor Roofing Solutions, Inc.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment against Taylor Roofing Solutions, Inc. and Gerrit Yank, jointly and severally, awarding damages to Plaintiffs in an amount to be proven for unpaid and delinquent contributions, together with mandatory and agreed upon liquidated damages and interest, for contribution to Plaintiffs, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment; ordering an accounting and audit to determine the precise amounts due and owing; ordering an accounting and audit to determine if further unreported amounts are due and owing; and awarding Plaintiffs their costs of this action attributable to the collection of the fringe benefits, including reasonable attorneys' fees and costs; and granting such other relief that the Court may deem just and proper.

## COUNT II – SINGLE EMPLOYER

47.     Plaintiffs reassert and incorporate the allegations set forth in paragraphs 1-46 of their Complaint as if fully set forth herein.

48.     Defendants Taylor Roofing Solutions, Beltran Contractors, and/or Capitol Roofing Solutions have operated as a single enterprise and single employer, such that each of them is jointly and severally liable for the amounts owed to Plaintiffs.

49.     The facts establishing this single employer relationship include, but are not limited to, the following: Defendants have or had common employees, common equipment, common telephone numbers, common business office locations, common operations, a common business purpose, common ownership, and common management and control, including common control of labor relations.  Accordingly, Defendants are a single employer.

50.     As a single employer of Taylor Roofing Solutions, Capitol Roofing Solutions and/or Beltran Contractors were at all relevant times signatory and/or bound by the CBA with Roofers Local 2 and subject to its terms.

51.     As a single employer of Taylor Roofing Solutions, Defendants Capitol Roofing Solutions and/or Beltran Contractors failed and refused to make the required contributions and dues remissions to Plaintiffs. This conduct is a breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

52.     As a single employer of Taylor Roofing Solutions, Defendants Capitol Roofing Solutions and/or Beltran Contractors are jointly and severally liable for all amounts owed by Defendant Taylor Roofing Solutions to Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment against Gerrit Yank, Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, jointly and severally, awarding damages to Plaintiffs in an amount to be proven for unpaid and delinquent contributions, together with mandatory and agreed upon liquidated damages and interest, for contribution to Plaintiffs, plus any amounts that may accrue after the filing of this Complaint, plus

any additional interest accruing up through the date of judgment; ordering an accounting and audit to determine the precise amounts due and owing; ordering an accounting and audit to determine if further unreported amounts are due and owing; and awarding Plaintiffs their costs of this action attributable to the collection of the fringe benefits, including reasonable attorneys' fees and costs; and granting such other relief that the Court may deem just and proper.

## COUNT III – ALTER EGO

53.     Plaintiffs reassert and incorporate the allegations set forth in paragraphs 1-52 of their Complaint as if fully set forth herein.

54.     Defendants Taylor Roofing Solutions, Beltran Contractors, and/or Capitol Roofing Solutions are operated without any regard for their supposed corporate separateness from each other, and are disguised forms of the same entity. Defendants Beltran Contractors and/or Capitol Roofing Solutions were formed and/or have been operated so as to evade the responsibilities imposed under the Agreement to which Taylor Roofing Solutions is signatory.  As such, Defendants Taylor Roofing Solutions, Beltran Contractors, and/or Capitol Roofing Solutions are alter egos; Defendants Beltran Contractors and/or Capitol Roofing Solutions are bound to the Agreement to the same extent as is Defendant Taylor Roofing Solutions; and Plaintiffs are entitled to pierce the corporate veils of Defendants and to enforce against Defendants Beltran Contractors and/or Capitol Roofing Solutions all obligations imposed under the Agreement, including the obligations to remit fringe benefit contributions to Plaintiffs as specified in the Agreement.

55.     Defendants' corporate or business existences are independent of each other in form only and the independent forms are used as a subterfuge to justify a wrong or to perpetrate a fraud against Plaintiffs and/or other creditors of Defendants.

56.     Defendants Taylor Roofing Solutions, Beltran Contractors, and/or Capitol Roofing Solutions have or had common employees, common equipment, common telephone numbers, common business office locations, common operations, a common business purpose, common ownership, and common management and control, including common control of labor relations.

57.     As alter egos of Taylor Roofing Solutions, Capitol Roofing Solutions and/or Beltran Contractors were at all relevant times signatory and/or bound by the CBA with Roofers Local 2 and subject to its terms.

58.     As alter egos of Taylor Roofing Solutions, Defendants Capitol Roofing Solutions and/or Beltran Contractors failed and refused to make the required contributions and dues remissions to Plaintiffs. This conduct is a breach of the CBA and in violation of Section 515 of ERISA, 29 U.S.C. § 1145.

59.     As alter egos of Taylor Roofing Solutions, Defendants Capitol Roofing Solutions and/or Beltran Contractors are jointly and severally liable for all amounts owed by Defendant Taylor Roofing Solutions to Plaintiffs.

WHEREFORE, Plaintiffs pray that the Court enter a Judgment against Gerrit Yank, Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, jointly and severally, awarding damages to Plaintiffs in an amount to be proven for unpaid and delinquent contributions, together with mandatory and agreed upon liquidated damages and interest, for contribution to Plaintiffs, plus any amounts that may accrue after the filing of this Complaint, plus any additional interest accruing up through the date of judgment; ordering an accounting and audit to determine the precise amounts due and owing; ordering an accounting and audit to determine if further unreported amounts are due and owing; and awarding Plaintiffs their costs of this action

attributable to the collection of the fringe benefits, including reasonable attorneys' fees and costs; and granting such other relief that the Court may deem just and proper.

## COUNT IV - CONFIRMATION OF ARBITRATION AWARD AGAINST TAYLOR ROOFING SOLUTIONS BY MISSOURI REVISED STATUTE 435.400

60.     Roofers Local 2 reasserts and incorporates the allegations set forth in paragraphs 1-59 of the Complaint as if fully set forth herein.

61.     This action arises out of the same common nucleus of facts previously pled in Counts I, II, and III, and is herewith joined under the provisions of U.S.C. Title 28, Fed.R.Civ.P. 18(a).

62.     The CBA provides in Article 41 that Roofers Local 2 and Taylor Roofing Solutions will submit "any disputes arising between the parties" to the Roofers Local 2 Joint Adjustment Board (hereinafter "Joint Adjustment Board").

63.     The CBA states the following regarding the authority of the Joint Adjustment Board:

> The Board shall have the right to investigate all labor operations of the parties to this Agreement within the jurisdiction of the Union, insofar as any of the Articles of this Agreement are involved, including, but not limited to, an Employer's failure to pay the wages, overtime and any benefits and to adhere to the ratios established hereunder which are brought to the Board's attention by written complaint, grievance or notice. This Board shall have the right to summon, question and examine any party to this Agreement, their representatives or agents. Said right shall include the authority to audit the books of the party to this Agreement against whom the grievance is filed with respect to verification of the appropriate contributions to the Health and Welfare Fund, National Roofing Industry Pension Plan, Roofers Supplemental Pension Fund, Apprentice Fund, Industry Advancement Fund, Research and Education Fund, and Dues Check-Off. The Board shall, in accordance with the By-Laws of the Joint Adjustment Board, have the right to impose any remedy available to the Board against Employees and Employers who have been found to be in violation of the Agreement.

64.     The CBA states that the decision, as well as awards and orders of the Joint Adjustment Board are "final and binding."

14

65.     The CBA also states that if found guilty by the Joint Adjustment Board, the employer "shall be liable for all costs and attorney's fees incurred in investigating such activities and in collecting any fines imposed by the Board."

66.     On or about January 9, 2018, the Joint Adjustment Board held a meeting to decide a grievance filed by Roofers Local 2 against Taylor Roofing Solutions.

67.     The grievance was properly submitted and claimed violations of certain sections of the CBA with Roofers Local 2.

68.     Taylor Roofing Solutions, through Mr. Gerrit Yank, appeared with legal counsel and participated in the Joint Adjustment Board hearing.

69.     The grievance was properly before the Joint Adjustment Board in both procedure and substance.  The Joint Adjustment Board gave proper prior notice to Taylor Roofing Solutions of the grievance and the charges brought against it.

70.     The Joint Adjustment Board held its hearing at 2920 Locust Street, St. Louis, Missouri 63103, therefore, venue is proper under Section 435.435 RSMo.

71.     After the hearing, the Joint Adjustment Board conferred and entered its findings in a unanimous decision dated January 11, 2018 ("the Award"), which sustained the Union's grievance and found in part that:

> In sustaining the Union's grievance, the Board finds that Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, are a single-employer as there is (1) common ownership, (2) common management, (3) interrelation of operations, and (4) common control of labor relations between them.  While Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, may have attempted to be organized as separate corporate entities, they are at most, separate divisions or departments of a single enterprise, Taylor Roofing Solutions.

A true and accurate copy of the Award is attached hereto as Exhibit 1 and incorporated by reference as if fully set out herein.

15

72.     The Joint Adjustment Board further ordered that:

Taylor Roofing Solutions is liable for any and all unpaid wages and benefits that
were required to be paid under the collective bargaining agreement on behalf of or
to any employees performing work covered by the collective bargaining
agreement who worked for Taylor Roofing Solutions under it as well as under the
name of [Capitol Roofing Solutions, L.L.C.] or Beltran Contractors in an amount
to be determined after the completion of the payroll audit described below.

73.     The Joint Adjustment Board ordered Taylor Roofing Solutions to submit to a

payroll audit through a payroll auditor hired by the Joint Adjustment Board "to determine a

dollar amount for any and all unpaid wages, overtime, dues, and benefits that were required to be

paid under the collective bargaining agreement."

74.     The Joint Adjustment Board further ordered "Taylor Roofing Solutions to provide

any and all documents necessary for the completion of the payroll audit that are requested by the

auditor, including any documents pertaining to [Capitol Roofing Solutions, L.L.C.] or Beltran

Contractors."

75.     Taylor Roofing Solutions was personally served with the decision of the Joint

Adjustment Board on or about January 12, 2018.

76.     After the issuance of the Award, the Joint Adjustment Board through a payroll

auditor attempted to conduct a payroll audit pursuant to the terms of the Award.

77.     Taylor Roofing Solutions failed and refused to provide all of the documents

necessary for the completion of the payroll audit that were requested by the auditor.

78.     As a result of Taylor Roofing Solutions' failure to provide the auditor with all of

the requested documents necessary for the completion of the payroll audit, the auditor was

unable to complete the payroll audit and was unable to determine the dollar amount for any and

all unpaid wages, overtime, dues, and benefits that were required to be paid under the Agreement

by Taylor Roofing Solutions.

79.     As a result of Taylor Roofing Solutions' failure and refusal to provide the requested documents necessary for the completion of the payroll audit, Taylor Roofing Solutions has failed and refused to comply with the terms of the Award and therefore is in breach of the CBA.

80.     More than ninety (90) days have passed since the Joint Adjustment Board issued the Award and delivered same to Taylor Roofing Solutions.

81.     Taylor Roofing Solutions has not moved to vacate, modify or correct the Joint Adjustment Board Award within the time limits allowed by law.

WHEREFORE, no application having been made by any Party that the Joint Adjustment Board's Award be vacated, modified or corrected within the time limits allowed by law, Roofers Local 2 prays this Honorable Court confirm the Award, order an accounting and audit to determine the amounts due and owing pursuant to the Award; order an accounting and audit to determine if further unreported amounts are due and owing; award Roofers Local 2 any and all unpaid wages, delinquent contributions, unremitted Union dues, penalties, fines, and liquidated damages that Roofers Local 2 are entitled pursuant to the Award, CBA, and under applicable law; award Roofers Local 2 their costs and attorneys' fees as provided in the Award and which may continue to accrue, including reasonable attorneys' fees, costs, and accounting costs; and grant such other relief that the Court may deem just and proper.

## COUNT V - CONFIRMATION OF ARBITRATION AWARD AGAINST TAYLOR ROOFING SOLUTIONS BY 29 U.S.C. § 185

82.     Roofers Local 2 reasserts and incorporates the allegations set forth in paragraphs 1-81 of the Complaint as if fully set forth herein.

83.     Section 301 of the LMRA, 29 U.S.C. § 185(a), states that "[s]uits for violation of contracts between an employer and a labor organization representing employees in an industry

affecting commerce as defined in this chapter, or between any such labor organizations, may be brought in any district court of the United States having jurisdiction of the parties, without respect to the amount in controversy or without regard to the citizenship of the parties."

84.     As a result of Taylor Roofing Solutions' failure and refusal to comply with the Award, Taylor Roofing Solutions has breached the CBA.

85.     As a result of Taylor Roofing Solutions' failure and refusal to comply with the Award of the Joint Adjustment Board, which is the agreed upon method chosen by the parties to resolve "any disputes arising between the parties," Roofers Local 2 seeks to enforce the CBA and confirm the Award pursuant to Section 301 of the LMRA, 29 U.S.C. § 185.

86.     The Joint Adjustment Board's Award was final and binding.

87.     Roofers Local 2 has performed all of its obligations under the CBA.

WHEREFORE, no application having been made by any Party that the Joint Adjustment Board's Award be vacated, modified or corrected within the time limits allowed by law, Roofers Local 2 prays this Honorable Court confirm the Award, order an accounting and audit to determine the amounts due and owing pursuant to the Award; order an accounting and audit to determine if further unreported amounts are due and owing; award Roofers Local 2 any and all unpaid wages, delinquent contributions, unremitted Union dues, penalties, fines, and liquidated damages that Roofers Local 2 are entitled pursuant to the Award, CBA, and under applicable law; award Roofers Local 2 their costs and attorneys' fees as provided in the Award and which may continue to accrue, including reasonable attorneys' fees, costs, and accounting costs; and grant such other relief that the Court may deem just and proper.

Respectfully submitted,

HARTNETT REYES-JONES, LLC

*/s/*  Matthew J. Gierse
MATTHEW J. GIERSE, MO. Bar No. 63828
4399 Laclede Avenue
St. Louis, Missouri 63108
Telephone:  314-531-1054
Facsimile:   314-531-1131
mgierse@hrjlaw.com

Attorneys for Plaintiffs

## CERTIFICATE OF SERVICE

I hereby certify that on April 5, 2019, the foregoing was filed with the Clerk of the Court, to be served by operation of the Court's electronic filing system upon all defendants to those addresses reflected in the court's electronic filing system.

  /s/ Matthew J. Gierse

19