UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al., | ) ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) ) Case No. 4:18CV1862 JCH ) |
| TAYLOR ROOFING SOLUTIONS, INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on attorney James G. Nowogrocki and the law firm of Heyl, Royster, Voelker & Allen, P.C.'s Second Supplemental Motion to Withdraw as Counsel for Defendants and for Stay, filed July 23, 2019. (ECF No. 32).

## BACKGROUND

Plaintiffs filed their original Complaint in this matter on October 30, 2018. After Plaintiffs filed their First Amended Complaint and served Defendants, attorney James G. Nowogrocki and the law firm of Heyl, Royster, Voelker & Allen, P.C. (collectively "Heyl, Royster"), entered their appearance on behalf of all Defendants on January 9, 2019. Defendants filed a Partial Motion to Dismiss and/or for More Definite Statement on February 11, 2019, which the Court granted in part on March 25, 2019.

Plaintiffs filed their Second Amended Complaint in this matter on April 5, 2019, in an effort to collect fringe benefit contributions allegedly due and owing from Defendants pursuant to §§ 502 and 515 of the Employee Retirement Income Security Act of 1974, 29 U.S.C. §§ 1132

and 1145, and Section 301 of the Labor Management Relations Act of 1947 ("LMRA"), 29 U.S.C. § 185. Plaintiffs further seek to confirm an arbitration award and enforce the collective bargaining agreement pursuant to the Missouri Uniform Arbitration Act and Section 301 of the LMRA. Defendants filed their answer to the Second Amended Complaint on April 18, 2019.

On June 11, 2019, Heyl, Royster filed its original Notice of Withdrawal as Attorney for Defendants. Heyl, Royster supplemented its notice on June 13, 2019, explaining that despite having entered into a client engagement agreement that specifically provided legal representation may be terminated should the clients fail to pay Heyl, Royster's bill within thirty days of issuance, Defendants have not made any payments on multiple invoices for legal services dating back to February 27, 2019. Heyl, Royster maintained they contacted Defendants on or about May 18, 2019, seeking payment of the delinquent invoices, but no payments were made, nor did Defendants express any opposition to the filing of a motion to withdraw on the part of Heyl, Royster. The Court held Heyl, Royster's motion in abeyance, and entered a Case Management Order on June 25, 2019, setting this matter for trial on July 6, 2020.

As noted above, Heyl, Royster filed their Second Supplemental Motion to Withdraw as Counsel for Defendants and for Stay on July 23, 2019, stating Defendants remain in breach as to a material term of the attorney-client engagement letter. Heyl, Royster asks that this Court order a 45-day notice of withdrawal period, allowing Defendants to find substitute counsel within that time frame or risk having a default judgment entered against them.

## **DISCUSSION**

Generally, this Court will not allow counsel to withdraw from representation unless substitute counsel enters an appearance for the client. This rule is especially significant in cases where the client is a corporation, as a corporation is an artificial entity that can only act through

agents, cannot appear *pro se*, and must be represented by counsel. *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201-02 (1993).

"'Entry of a default judgment is appropriate where a defendant corporation fails to comply with a court order to obtain counsel.'" *United Fire & Cas. Co. v. Titan Contractors Serv., Inc.*, No. 4:10-CV-2076 CAS, 2014 WL 3805493, at *1 (E.D. Mo. Aug. 1, 2014) (quoting *R. Maganlal & Co. v. M.G. Chem. Co., Inc.*, No. 88 CIV. 4896 MJL THK, 1996 WL 715526, at *2 (S.D. N.Y. Dec. 12, 1996); *see Top Sales, Inc. v. Designer Vans, Inc.*, No. CIV.A. 3:96-CV-0721, 1997 WL 786254, at *2 (N.D. Tex. Dec. 11, 1997) (court grants counsel's motion to withdraw and orders defendant corporation to retain substitute counsel or risk having its pleadings stricken and default judgment entered against it)).

In light of the foregoing, the Court will hold in abeyance Heyl, Royster's motions for leave to withdraw as counsel, and order Defendants to obtain substitute counsel no later than September 9, 2019. If Defendants Taylor Roofing Solutions, Inc., Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, fail to obtain substitute counsel within that time, they may be subject to a default judgment in favor of Plaintiffs. *See Forsythe v. Hales*, 255 F.3d 487, 490-91 (8th Cir. 2001) (failure to engage in discovery and hire counsel admitted to practice before the district court for a period of twenty-five months provided ample basis for a grant of default judgment); *Ackra Direct Mktg. Corp. v. Fingerhut Corp.*, 86 F.3d 852, 856-57 (8th Cir. 1996) (corporate defendant was technically in default on date court allowed counsel to withdraw because a corporation cannot proceed *pro se*). If Defendant Gerrit Yank fails to obtain substitute counsel within the time allowed, he may be required to proceed to trial *pro se*, that is, without the assistance of counsel. Heyl, Royster's motion to withdraw from representation of Defendants

will be granted when substitute counsel enters an appearance, or on September 10, 2019, whichever comes first.

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Heyl, Royster's Supplemental Motion to Withdraw as Attorney for Defendants and Second Supplemental Motion to Withdraw as Counsel for Defendants and for Stay (ECF Nos. 27, 32) are **HELD IN ABEYANCE**, and the Court imposes a withdrawal notice period until **September 9, 2019**.

**IT IS FURTHER ORDERED** that Defendants shall obtain substitute counsel no later than **September 9, 2019**.

**IT IS FURTHER ORDERED** that Defendants' substitute counsel, if any, shall file an entry of appearance no later than **September 9, 2019**.

**IT IS FURTHER ORDERED** that counsel for Defendants shall provide a copy of this Memorandum and Order to Defendants via first class mail, postage prepaid, and via email, and file a notice with the Court that this has been done, within ten (10) days of the date of this Memorandum and Order.

**IT IS FURTHER ORDERED** that on **September 10, 2019**, or upon the entry of substitute counsel for Defendants, whichever comes earlier, the Court will issue an order granting the motions of Heyl, Royster to withdraw from their representation of Defendants.

Dated this __26th__ Day of July, 2019.

\s\ Jean C. Hamilton  
UNITED STATES DISTRICT JUDGE