UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| NATIONAL ROOFING INDUSTRY PENSION PLAN, et al., | ) ) ) |
| Plaintiffs, | ) ) |
| v. | ) ) No. 4:18CV1862 JCH |
| TAYLOR ROOFING SOLUTIONS, INC., et al., | ) ) ) ) |
| Defendants. | ) ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Summary Judgment, filed July 2, 2021. (ECF No. 80). The motion is fully briefed and ready for disposition.

**BACKGROUND**[1]

On August 22, 2017, Defendant Taylor Roofing Solutions, Inc. ("Taylor Roofing Solutions") executed an agreement agreeing to be bound to the collective bargaining agreement with the United Union of Roofers, Waterproofers & Allied Workers, Local Union No. 2, A.F.L.-C.I.O. (hereinafter "Union"), effective through February 28, 2022 (hereinafter "CBA" or "Agreement"). (Plaintiffs' Statement of Uncontroverted Material Facts in Support of their Motion for Summary Judgment ("Plaintiffs' Facts"), ¶ 1). The Agreement requires Taylor Roofing Solutions to make contributions to the National Roofing Industry Pension Plan

---

[1] Plaintiffs submitted 37 purportedly uncontroverted material facts in support of their Motion for Summary Judgment. (*See* ECF No. 82). Defendant Gerrit Yank responded to only the first five facts, however. Thus, in contravention of this Court's Local Rule 4.01(E), Defendant Yank failed specifically to controvert Plaintiffs' Facts 6-37. As a result, Defendant Yank is deemed to have admitted those facts for purposes of summary judgment. *See Thompson v. Normandy Schools Collaborative*, No. 4:19CV3220 MTS, 2021 WL 3286810, at *1 (E.D. Mo. Aug. 2, 2021).

("Pension Plan"), the Roofers and Waterproofers Research and Education Joint Trust Fund, the Roofers Local #2 Supplemental Pension Plan ("Supplemental Pension Plan"), the Indiana State Council of Roofers Health and Welfare Fund ("Welfare Fund"), and the United Union of Roofers and Allied Workers, Apprentice Fund ("Apprentice Fund") (hereinafter collectively referred to as the "Roofers Funds"), based on all hours worked by employees covered by the CBA in its employ.  (*Id.*, ¶ 2).  The Agreement further requires Taylor Roofing Solutions to submit monthly contribution report forms showing the number of hours worked and contributions due.  (*Id.*).

Under the terms of the CBA, Taylor Roofing Solutions was at all relevant times obligated to remit lawfully deducted dues to the Union, on the basis of all hours worked by employees covered by the CBA in its employ.  (Plaintiffs' Facts, ¶ 3).  The agreements require payment of 20% liquidated damages on delinquent contributions, as well as interest, attorneys' fees, court costs and payroll examination fees if suit is filed to enforce the agreements.  (*Id.*, ¶ 4).

Since signing the CBA on August 22, 2017, Taylor Roofing Solutions has performed work covered by the CBA, but has failed to make all of the required contributions and lawful dues deductions to Plaintiffs as required under the Agreement. (Plaintiffs' Facts, ¶ 5).  The CBA provides in Article 41 that the Union and Taylor Roofing Solutions will submit "any disputes arising between the parties" to the Roofers Local 2 Joint Adjustment Board (hereinafter "Joint Adjustment Board" or "Board").  (*Id.*, ¶ 6, quoting CBA, ECF No. 82-5, Article 41).  The CBA states the following regarding the authority of the Joint Adjustment Board:

> The Board shall have the right to investigate all labor operations of the parties to this Agreement within the jurisdiction of the Union, insofar as any of the Articles of this Agreement are involved, including, but not limited to, an Employer's failure to pay the wages, overtime and any benefits and to adhere to the ratios established hereunder which are brought to the Board's attention by written complaint, grievance or notice.

> This Board shall have the right to summon, question and examine any party to this Agreement, their representatives or agents.  Said right shall include the authority to audit the books of the party to this Agreement against whom the grievance is filed with respect to verification of the appropriate contributions to the Health and Welfare Fund, National Roofing Industry Pension Plan, Roofers Supplemental Pension Fund, Apprentice Fund, Industry Advancement Fund, Research and Education Fund, and Dues Check-Off.  The Board shall, in accordance with the By-Laws of the Joint Adjustment Board, have the right to impose any remedy available to the Board against Employees and Employers who have been found to be in violation of the Agreement.

(*Id.*, ¶ 7, quoting CBA Article 41).  The CBA further provides that decisions, awards and orders of the Board "shall be final and binding," and that "[i]f found guilty by the Board, the Signatory Employer or member of Local No. 2 shall be liable for all costs and attorney's fees incurred in investigating such activities and in collecting any fines imposed by the Board." (CBA Article 41).

On or about December 6, 2017, the Union filed a grievance alleging that Taylor Roofing Solutions had violated the applicable CBA.  (*See* unanimous decision of the Joint Adjustment Board dated January 11, 2018, ECF No. 82-7 (the "2018 Award"), P. 1).  The Board held a meeting on January 9, 2018, during which evidence was heard concerning the grievance.  (*Id.*, P. 2).  Defendant Gerrit Yank, the owner of Taylor Roofing Solutions, appeared with Benjamin L. Yousef, attorney for Taylor Roofing Solutions, and Cynthia Souter, a consultant with Burdzinski and Partners, Inc.  (*Id.*).  During Taylor Roofing Solutions' presentation of evidence, Defendant Yank read a prepared statement and explained that he would not be answering any questions.  (*Id.*).  Ms. Souter presented a document from the National Labor Relations Board ("NLRB"), pertaining to a charge filed by the Union against Taylor Roofing Solutions, and a copy of the charge itself.  (*Id.*).  Other than the prepared statement and the two NLRB documents, Taylor

Roofing Solutions failed to provide any evidence pertaining to the Union's grievance. (*Id.*).[2] After the hearing, the Joint Adjustment Board entered its unanimous decision in the 2018 Award, in which it sustained the Union's grievance, and found in part as follows:

> In sustaining the Union's grievance, the Board finds that Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, are a single-employer as there is (1) common ownership, (2) common management, (3) interrelation of operations, and (4) common control of labor relations between them. While Taylor Roofing Solutions, Inc., Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, may have attempted to be organized as separate entities, they are at most, separate divisions or departments of a single enterprise, Taylor Roofing Solutions.

(*Id.*, P. 3). The Board continued to find that Taylor Roofing Solutions had violated numerous provisions of the CBA. (*Id.*). It then ordered the following remedy:

1. Taylor Roofing Solutions is liable for any and all unpaid wages and benefits that were required to be paid under the collective bargaining agreement on behalf of or to any employees performing work covered by the collective bargaining agreement who worked for Taylor Roofing Solutions under it as well as under the name of [Capitol Roofing Solutions, L.L.C.] or Beltran Contractors in an amount to be determined after the completion of the payroll audit described below….

2. Additionally, the Board orders Taylor Roofing Solutions to submit to a payroll audit to be conducted within 60 days of the date of this decision to determine a dollar amount for any and all unpaid wages, overtime, dues, and benefits that were required to be paid under the collective bargaining agreement. The Board will hire a payroll auditor of its own choosing to conduct this payroll audit. The cost of the payroll audit is to be paid by Taylor Roofing Solutions.

3. The Board further orders Taylor Roofing Solutions to provide any and all documents necessary for the completion of the payroll audit that are requested by the auditor, including any documents pertaining to [Capitol Roofing Solutions, L.L.C.] or Beltran Contractors….

---

[2] In his prepared statement, Defendant Yank indicated that Taylor Roofing Solutions simply denied the allegations in the grievance, and that the Board should dismiss the grievance and allow the NLRB to decide the dispute, as there were similarities between the grievance and the charge currently pending before the NLRB. (*See* 2018 Award, P. 2).

*(Id.,* P. 4). The Board finally noted as follows:

> After the final completion of the payroll audit the Board will schedule a second Board meeting concerning this grievance to be scheduled within 30 days after the final completion of the payroll audit, the purpose of which will be to hear evidence from both the Union and Taylor Roofing Solutions regarding the results of the payroll audit and the specific amount of damages to be awarded by the Board….As a result of the Board finding that Taylor Roofing Solutions, [Capitol Roofing Solution, L.L.C.], and Beltran Contractors are a single employer, then Taylor Roofing Solutions, [Capitol Roofing Solution, L.L.C.], and Beltran Contractors are jointly and severally liable for the contractual violations and the amounts to be awarded as a result of this Decision. As noted in Article 41 of the collective bargaining agreement, all decisions, awards and orders of the Joint Adjustment Board are final and binding.

*(Id.,* P. 5).

Plaintiffs filed their original Complaint in this matter on October 30, 2018. (ECF No. 1). In Count I of their Second Amended Complaint, filed April 5, 2019, Plaintiffs allege Defendant Taylor Roofing Solutions has been a party to a CBA with the Union since at least August 22, 2017. (Second Amended Complaint, ¶ 25). Plaintiffs allege that although the CBA required Taylor Roofing Solutions to, among other things, make monthly contributions to the Roofers Funds, and make monthly written reports to Plaintiffs, Taylor Roofing Solutions has failed to make the required contributions, submit the required reports, or submit to a payroll audit. (*Id.*, ¶¶ 28-37). Plaintiffs thus maintain Taylor Roofing Solutions is in breach of the CBA and in violation of Section 515 of the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1145. (*Id.*, ¶¶ 38-42). Plaintiffs seek to hold Defendant Gerrit Yank, the sole owner of Taylor Roofing Solutions, personally liable for any and all obligations incurred by Taylor Roofing Solutions.[3] (*Id.*, ¶¶ 11, 46). In Counts II and III, Plaintiffs seek to hold Defendants Capitol

---

[3] According to Plaintiffs, Taylor Roofing Solutions was administratively dissolved in the State of Missouri on or about October 17, 2018, and in the State of Illinois on or about November 9, 2018. (Second Amended Complaint, ¶ 12). Plaintiffs maintain Gerrit Yank nevertheless

Roofing Solutions and Beltran Contractors liable for damages, claiming they either have operated as a single enterprise and single employer with Taylor Roofing Solutions, and/or each is the alter ego of the other. (*Id.*, ¶¶ 47-59).

Counts IV and V of Plaintiffs' Second Amended Complaint are brought solely by the Union. (Second Amended Complaint, ¶¶ 60, 82). The Union claims the CBA between itself and Taylor Roofing Solutions required the submission of any disputes arising between the parties to the Joint Adjustment Board. (*Id.*, ¶ 62). The Joint Adjustment Board then had the power to investigate claims and impose remedies, and decisions, awards and orders of the Joint Adjustment Board were final and binding. (*Id.*, ¶¶ 63, 64). The Union claims the Joint Adjustment Board held a hearing to decide a grievance filed by Roofers Local 2 against Taylor Roofing Solutions, and sustained the grievance in a unanimous decision dated January 11, 2018. (*Id.*, ¶¶ 66-72). The Joint Adjustment Board ordered Taylor Roofing Solutions to submit to a payroll audit to determine the amount owed to the Union. (*Id.*, ¶¶ 73-74). The Union claims that despite this directive, Taylor Roofing Solutions has failed and refused to provide all of the documents necessary for the completion of the payroll audit. (*Id.*, ¶ 77). In Counts IV and V, the Union thus requests that the Court confirm the arbitration award, order an accounting and audit to determine the amounts due and owing, and award the Union any and all available relief.[4]

Shortly after Plaintiffs filed their Second Amended Complaint, the NLRB issued its decision on the charge filed by the Union. (Plaintiffs' Facts, ¶ 24). In its June 28, 2019,

---

continued to operate and carry on business, in a manner other than for winding up and liquidating its affairs, under the name Taylor Roofing Solutions after the dissolution, and thus is personally liable for obligations incurred by the corporation. (*Id.*, ¶¶ 12, 13).

[4] Plaintiffs note that more than ninety days has passed since the Joint Adjustment Board issued its Award and delivered same to Taylor Roofing Solutions, and Taylor Roofing Solutions has not moved to vacate, modify, or correct the Award within the time limits allowed by law. (Second Amended Compl., ¶¶ 80, 81).

Decision and Order the NLRB, among other things, found Capitol Roofing Solutions, LLC, to be a single employer with Taylor Roofing Solutions, and found that Capitol Roofing Solutions, LLC, has been bound by the CBA with the Union since about August 22, 2017.  (*Id.*, ¶¶ 24, 25 and Plaintiffs' Exh. 7).  The NLRB further ordered Taylor Roofing Solutions and Capitol Roofing Solutions, LLC, to, in relevant part:

> (d) Make all contractually required benefit contributions that have not been made since about August 22, 2017, and reimburse unit employees for any expenses ensuing from its failure to make such payments, with interest, in the manner set forth in the remedy section of this decision.

(*Id.*, ¶ 26, quoting Plaintiffs' Exh. 7, P. 4).  Taylor Roofing Solutions and Capitol Roofing Solutions, LLC, have not complied with the NLRB Decision, and have not made all of the required benefit contributions ordered by the NLRB.  (*Id.*, ¶ 27).

On June 11, 2019, James G. Nowogrocki and the law firm of Heyl, Royster, Voeker & Allen P.C., moved to withdraw as legal counsel for Defendants Taylor Roofing Solutions, Gerrit Yank, Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, Capitol Roofing Solutions, LLC, and Beltran Contractors, LLC.  (ECF No. 26).  After temporarily holding Heyl, Royster's motion for leave to withdraw as counsel in abeyance, and ordering Defendants to obtain substitute counsel, the Court granted the motion in an Order entered September 10, 2019. (ECF No. 36).  With respect to the corporate Defendants, the Court ordered Plaintiffs to file motions to strike their pleadings, and for entry of default and, if appropriate, default judgment. With respect to Defendant Yank, the Court confirmed that from that point forward, he would have to proceed without the assistance of counsel.

Plaintiffs filed the requested motions on October 9 and 10, 2019, and the Court granted their Motion to Strike Corporate Defendants' Pleadings, Request for Clerk's Entry of Default, and Motion for Entry of Partial Default Judgment and Default Order to Compel Accounting on

October 11 and 16, 2019.  (*See* ECF Nos. 37-42).  In its Order granting Plaintiffs' Motion for Entry of Partial Default Judgment and Default Order to Compel Accounting, the Court held as follows:

(1) That Defendants Taylor Roofing Solutions, Inc., Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, have operated as a single enterprise and single employer, such that each of them is bound to the collective bargaining agreement with the United Union of Roofers, Waterproofers and Allied Workers, Local Union No. 2, AFL-CIO ("the Union") and are jointly and severally liable for the amounts found to be owed to Plaintiffs;

(2) That Defendants Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, are jointly and severally liable for all amounts owed by Defendant Taylor Roofing Solutions, Inc. to Plaintiffs as Defendants Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, are alter egos of Taylor Roofing Solutions, Inc., such that each of them is bound to the collective bargaining agreement with the Union;

(3) That the decision issued by the Roofers Local 2 Joint Adjustment Board on January 12, 2018 is confirmed; and

(4) That Defendants Taylor Roofing Solutions, Inc., Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, Capitol Roofing Solutions, L.L.C., and Beltran Contractors, LLC, shall submit to a financial examination for the period of August 22, 2017, to date within thirty (30) days of this Court's order.

(ECF No. 42).[5]  After Plaintiffs filed a Motion for Contempt as a result of the corporate Defendants' failure to comply with the Court's Order, they eventually received the documents required to permit their accountants to complete the payroll examination.  The payroll compliance examination of records covered the time period of August 22, 2017, through May 31, 2019.  (*See* Affidavit of M. Joseph Romolo, attached to Plaintiffs' Facts, ¶ 4).  The examination

---

[5] On October 12, 2020, attorney Robb E. Hellwig of the law firm Stone, Leyton & Gershman, P.C., entered his appearance as counsel on behalf of Defendant Beltran Contractors, LLC.  (ECF No. 59).  The Court granted Defendant Beltran Contractors, LLC's Motion to Set Aside Entry of Partial Default and Order of Partial Default Judgment on November 9, 2020.  (*See* ECF Nos. 60, 64).  Plaintiffs and Defendant Beltran Contractors, LLC, eventually entered into a Settlement Agreement, and Plaintiffs stipulated to the dismissal of Defendant Beltran Contractors, LLC, with prejudice on August 4, 2021.  (ECF No. 86).

found that Defendants owed $835,941.14 in unpaid contributions to Plaintiffs. (*Id.* and Plaintiffs' Exh. 1).[6] It further found that Defendants owed $163,243.58 in unpaid wages, and $48,542.20 in unremitted working dues, to the Union. (*Id.*, ¶ 5 and Plaintiffs' Exh. 2). Finally, the audit found that Defendants owed $13,835.00 in payroll examination fees. (*Id.*, ¶ 6). Plaintiffs state that the $835,941.14 in unpaid contributions, $163,243.58 in unpaid wages, $48,542.20 in unremitted working dues to the Union, $13,835.00 in payroll examination fees, and $167,188.23 in liquidated damages remain unpaid. (Plaintiffs' Facts, ¶ 17).

After the completion of the payroll audit, the Joint Adjustment Board held a hearing on or about January 19, 2021, to determine the specific amount of damages to be awarded based on the Board's 2018 Award. (Plaintiffs' Facts, ¶ 18). The Board gave prior notice to Taylor Roofing Solutions of the hearing and the issues to be considered, and Taylor Roofing Solutions, through Defendant Yank, appeared and participated in the Joint Adjustment Board hearing on January 19, 2021. (*Id.*, ¶¶ 19, 20). After the hearing, the Board entered its findings in a unanimous decision dated January 22, 2021 (the "2021 Award"), in which it held in relevant part as follows:

> During the hearing Taylor Roofing Solutions, Inc. admitted to being bound to the collective bargaining agreement and all its terms contained therein. Taylor Roofing Solutions also conceded it had all opportunity to present information and documents it desired to be reviewed during the months the payroll audit was being conducted and the audit was based upon those provided documents.
>
> Taylor Roofing Solutions, Inc. stated it did not believe some of the individuals contained in the payroll audit were "roofers" but instead performed only the work of other trades. Other than bald assertions, no persuasive evidence in the form of objectively reliable records, affidavits, or proof of this were presented to the Board to support this contention. To the contrary, among the records Taylor Roofing Solutions submitted included certified payroll signed under penalty of perjury to the US Dept.

---

[6] Dennis Marshall, Jr., Business Manager of the Union, submitted an affidavit in which he attested that Defendants further owe Plaintiffs $167,188.23 in liquidated damages on the unpaid contributions. (*See* Affidavit of Dennis Marshall, Jr., attached to Plaintiffs' Facts, ¶ 20).

> of Labor that individuals were paid under the occupational title of "Roofer".
>
> After considering the evidence submitted by the parties, the Board pursuant to the authority given to it under Article 41 of the collective bargaining agreement hereby awards the following monetary remedy and finds Taylor Roofing Solutions to be liable in the amount of $1,289,580.15, which consists of the following amounts:
>
> 1. $835,941.14 in unpaid fringe benefit contributions;
> 2. $167,188.23 in liquidated damages (20% of unpaid contributions);
> 3. $48,542.20 in unremitted working dues;
> 4. $163,243.58 in unpaid wages;
> 5. $13,835 in accounting costs; and
> 6. Attorneys' fees in the amount of $60,830….
>
> As a result of the Board finding that Taylor Roofing Solutions, [Capitol Roofing Solutions, L.L.C.], and Beltran Contractors are a single employer, then Taylor Roofing Solutions, [Capitol Roofing Solutions, L.L.C.], and Beltran Contractors are jointly and severally liable for the contractual violations and the amounts to be awarded as a result of this Decision. As noted in Article 41 of the collective bargaining agreement, all decisions, awards and orders of the Joint Adjustment Board are final and binding.

(Joint Adjustment Board 2021 Award, attached to Plaintiffs' Facts as Exh. 6, PP. 2-3). The Board stated that it would "entertain a motion to reconsider these findings if submitted in the next ten (10) days by email to the Board and its counsel," but cautioned as follows: "The only issue and evidence the Board will entertain is that which goes to show individuals who did not perform roofing work at any time during their tenure with Taylor Roofing Solutions or its associated entities. Taylor Roofing Solutions is specifically cautioned that the Board will not rely upon submitted evidence that is not objectively supported by reliable and verifiable evidence." (*Id.*, P. 2). Defendants did not file a timely motion to reconsider the Joint Adjustment Board's findings. (Plaintiffs' Facts, ¶ 23).

In their Motion for Summary Judgment, filed July 2, 2021, Plaintiffs claim there exist no genuine issues of material fact and Plaintiffs are entitled to judgment as a matter of law. (ECF

No. 80). Specifically, Plaintiffs assert that because Defendant Yank continued to carry on the business of Taylor Roofing Solutions after its administrative dissolution in both the State of Missouri and the State of Illinois, without taking steps to wind up or reinstate the corporation, he is individually liable for the amounts owed by Taylor Roofing Solutions in this matter.

## SUMMARY JUDGMENT STANDARD

The Court may grant a motion for summary judgment if, "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). The substantive law determines which facts are critical and which are irrelevant. Only disputes over facts that might affect the outcome will properly preclude summary judgment. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not proper if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Id*.

A moving party always bears the burden of informing the Court of the basis of its motion. *Celotex*, 477 U.S. at 323. Once the moving party discharges this burden, the nonmoving party must set forth specific facts demonstrating that there is a dispute as to a genuine issue of material fact, not the "mere existence of some alleged factual dispute." Fed. R. Civ. P. 56(e); *Anderson*, 477 U.S. at 247. The nonmoving party may not rest upon mere allegations or denials of its pleadings. *Anderson*, 477 U.S. at 256.

In passing on a motion for summary judgment, the Court must view the facts in the light most favorable to the nonmoving party, and all justifiable inferences are to be drawn in its favor. *Anderson*, 477 U.S. at 255. The Court's function is not to weigh the evidence, but to determine whether there is a genuine issue for trial. *Id*. at 249.

## DISCUSSION

In their Motion for Summary Judgment, Plaintiffs seek judgment against the owner of Defendant Taylor Roofing Solutions, Defendant Gerrit Yank. Plaintiffs maintain there exist no genuine issue of material facts as to the liability of Defendants Taylor Roofing Solutions, Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, and Capitol Roofing Solutions, L.L.C.[7] Plaintiffs seek to hold Defendant Gerrit Yank, the owner of Taylor Roofing Solutions, individually liable for carrying on the business of Taylor Roofing after its administrative dissolution in both Missouri and Illinois, without taking steps to wind up or reinstate the corporation.

I.     **Corporate Defendants' Liability**

As noted above, the Joint Adjustment Board entered an order in January, 2018, in which it sustained the Union's grievance, and found that Taylor Roofing Solutions, Inc. and Capitol Roofing Solutions, L.L.C. were a single-employer. (2018 Award, P. 3). The Board continued to hold that Taylor Roofing Solutions was liable "for any and all unpaid wages and benefits that were required to be paid under the collective bargaining agreement on behalf of or to any employees performing work covered by the collective bargaining agreement who worked for Taylor Roofing Solutions under it as well as under the name of [Capitol Roofing Solutions, L.L.C.]…in an amount to be determined after the completion of the payroll audit described below." (*Id.*, P. 4). This Court confirmed the Joint Adjustment Board's decision in an Order entered October 16, 2019, and held (1) that Defendants Taylor Roofing Solutions, Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, and Capitol Roofing Solutions, L.L.C. have operated as a single enterprise and single employer, such that each of them is bound to the

---

[7] As noted above, Plaintiffs settled with Defendant Beltran Contractors, LLC, and thus do not seek a judgment against it in their motion.

collective bargaining agreement with the Union; and (2) that said Defendants are jointly and severally liable for the amounts found to be owed to Plaintiffs.  (ECF No. 42).

Furthermore, in its June 28, 2019, Decision and Order, the NLRB found that Capitol Roofing Solutions, LLC, was a single employer with Taylor Roofing Solutions, and thus had been bound by the CBA with the Union.  (Plaintiffs' Exh. 7, P. 1).  The NLRB further ordered Taylor Roofing Solutions and Capitol Roofing Solutions, LLC, to make all contractually required benefit contributions that had not been made since about August 22, 2017, and to reimburse unit employees for any expenses ensuing from its failure to make such payments, with interest.

> ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), provides as follows:
>
>> In any action under this subchapter by a fiduciary for or on behalf of a plan to enforce Section 1145[8] of this title in which a judgment in favor of the plan is awarded, the court shall award the plan—
>> (A)   the unpaid contributions,
>> (B)   interest on the unpaid contributions,
>> (C)   an amount equal to the greater of--
>>     (i)    interest on the unpaid contributions, or
>>     (ii)   liquidated damages provided for under the plan in an amount not in excess of 20 percent…of the amount determined by the court under subparagraph (A),
>> (D)   reasonable attorney's fees and costs of the action, to be paid by the defendant, and
>> (E)   such other legal or equitable relief as the court deems appropriate.

This Court has held that the relief provided for in ERISA § 502(g)(2), 29 U.S.C. § 1132(g)(2), is mandatory.  *See, e.g., St. Louis-Kansas City Carpenters Regional Council v. J.B. Carpentry Services, Inc.*, No. 4:17CV751 RWS, 2017 WL 1426023, at *2 (E.D. Mo. Apr. 21, 2017); *St.*

---

[8] Section 1145 provides as follows: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement."  *See* 29 U.S.C. § 1145.

*Louis-Kansas City Carpenters Regional Council v. Edwards-Kamadulski, LLC*, No. 4:16CV302 NCC, 2016 WL 1624019, at *1 (E.D. Mo. Apr. 25, 2016).

The payroll compliance examination of records conducted by Plaintiffs found that Defendants owed $835,941.14 in unpaid contributions, $163,243.58 in unpaid wages, $48,542.20 in unremitted working dues to the Union, and $13,835.00 in payroll examination fees.[9] After the completion of the payroll audit, the Joint Adjustment Board held a second hearing, to determine the specific amount of damages to be awarded based on the Board's 2018 Award. As noted above, Taylor Roofing Solutions, through Defendant Yank, appeared and participated in the Joint Adjustment Board hearing on January 19, 2021. In its decision, issued January 22, 2021, the Board noted that Taylor Roofing Solutions stated it did not believe some of the individuals contained in the payroll audit were roofers, but it failed to provide "evidence in the form of objectively reliable records, affidavits, or proof of this…to support this contention." (2021 Award, P. 2). The Board then found Taylor Roofing Solutions liable in the amount of $1,289,580.15, which consisted of $835,941.14 in unpaid fringe benefit contributions, $167,188.23 in liquidated damages, $48,542.20 in unremitted working dues, $163,243.58 in unpaid wages, $13,835 in accounting costs, and $60,830 in attorneys' fees.

"With respect to damages in an action for delinquent fringe benefit contributions, the findings of a plaintiff's accountant are deemed presumptively valid." *Painters Dist. Council 2 v. Grau Contracting, Inc.*, No. 4:10CV2339 AGF, 2012 WL 2848708, at *1 (E.D. Mo. Jul. 11, 2012). Thus Defendant Yank, as the employer, has the burden of producing evidence to counter the findings of the audit. *See Painters Dist. Council No. 58 v. JohnEd, Inc.*, No. 4:17CV1271 JMB, 2019 WL 118549, at *2 (E.D. Mo. Jan. 7, 2019). Furthermore, awards by the Joint

---

[9] Pursuant to the terms of both the CBA and ERISA, Defendants are also liable to Plaintiffs for liquidated damages in the amount of twenty percent of the unpaid contributions, or $167,188.23.

Adjustment Board are treated the same as arbitration awards, and governed by the Missouri Uniform Arbitration Act and Section 301 of the Labor Management Relations Act. *See Local 2, Intern. Broth. Of Elec. Workers, AFL-CIO v. Anderson Underground Const., Inc.*, 907 F.2d 74, 75 (8th Cir. 1990). With respect to arbitration awards, Missouri courts have held that in the absence of a motion to vacate the award, "confirmation under the statue is mandatory." *Hart v. Metzger*, 834 S.W.2d 236, 238 (Mo. App. 1992); *see also Doyle v. Thomas*, 109 S.W.3d 215, 218 (Mo. App. 2003). As noted above, Defendants did not file a timely motion to reconsider the Joint Adjustment Board's findings.

In his response to Plaintiffs' motion here, Defendant Yank attempts to offer evidence that several workers were not covered under the CBA, and that many subcontractors from which the Union claims dues are not within their jurisdiction. (*See* ECF Nos. 91, 92). He attaches several hundred pages of exhibits to his responses, but does not cite to relevant portions of said exhibits. This Court "has no obligation to go digging through the record to find the support that [Defendant Yank] has omitted," however. *Cigainero v. Carnival Corp.*, 426 F.Supp.3d 1299, 1301 (S.D. Fla. 2019); *see also Thompson*, 2021 WL 3286810, at *1 (same). Furthermore, as noted by Plaintiffs, Defendant Yank's assertions are largely the same as those made before and rejected by the Board in its 2021 Award.

Upon consideration of the foregoing, the Court finds that confirmation of the 2021 Award is mandatory. It therefore will confirm the 2021 Award, and hold Defendants Taylor Roofing Solutions and Capitol Roofing Solutions, L.L.C. liable in the amount of $1,228,750.15, plus attorneys' fees to be determined at a later date.[10]

---

[10] As explained *infra* with respect to Defendant Yank, Defendants Taylor Roofing Solutions and Capitol Roofing Solutions, L.L.C. may be entitled to a set-off for amounts paid by Beltran Contractors in settlement of Plaintiffs' claims against it.

## II.     Defendant Yank's Individual Liability

In their Motion for Summary Judgment, Plaintiffs note that Defendant Yank is the sole owner of Taylor Roofing Solutions. (Plaintiffs' Facts, ¶ 29). They further maintain that Taylor Roofing Solutions was administratively dissolved in the State of Missouri on or about October 17, 2018, and in the State of Illinois on or about November 9, 2018. (*Id.*, ¶ 32). Despite the dissolutions, Plaintiffs assert as follows:

> 33.   Taylor Roofing Solutions entered into a Subcontract Agreement with S.M. Wilson & Co. to perform work on a project known as St. Peters Apartment Development—Propper (hereafter referred to as "St. Peters Apartment Project") located at 5130 Mexico Road, St. Peters, Missouri 63376.
>
> 34.   The Subcontract Agreement with S.M. Wilson & Co. for the St. Peters Apartment Project was fully signed on November 5, 2018.
>
> 35.   The St. Peters Apartment Project was to begin on October 1, 2018 and end on March 1, 2019.
>
> 36.   The Subcontract Agreement provided that Taylor Roofing Solutions was to be paid $622,485.00 for the project.
>
> 37.   Taylor Roofing Solutions submitted Affidavits of Subcontractor for work completed on the St. Peters Apartment Project, dated October 28, 2018; December 21, 2018; and January 21, 2019.

(*Id.*, ¶¶ 33-37). In light of the foregoing, Plaintiffs assert that rather than winding up and liquidating the business and affairs of Taylor Roofing Solutions, or seeking its reinstatement as a corporation, Defendant Yank continued to carry on the business of Taylor Roofing Solutions after the dissolutions. Defendant Yank does not deny any of Plaintiffs' allegations.

Both Missouri and Illinois law provide that under certain circumstances, individuals who continue to conduct business on behalf of a dissolved corporation may be held personally liable for obligations incurred. For example, Missouri Revised Statute § 351.486.3 provides as follows: "A corporation administratively dissolved continues its corporate existence but may not

carry on any business except that necessary to wind up and liquidate its business and affairs under section 351.476 and notify claimants under sections 351.478 and 351.482, and any officer or director who conducts business on behalf of a corporation so dissolved except as provided in this section shall be personally liable for any obligation so incurred."  Furthermore, 805 ILCS 5/8.65(a)(3) provides in relevant part as follows:  "Unless dissolution is subsequently revoked pursuant to Section 12.25 of this Act, the directors of a corporation that carries on its business after the filing by the Secretary of State of articles of dissolution with respect to a voluntary dissolution authorized as provided by this Act, otherwise than as necessary or appropriate to wind up and liquidate its business and affairs, shall be jointly and severally liable to the creditors of such corporation for all debts and liabilities of the corporation incurred in so carrying on its business."  *See also* 805 ILCS 5/3.20 ("All persons who assume to exercise corporate powers without authority so to do shall be jointly and severally liable for all debts and liabilities incurred or arising as a result thereof.").

The Court agrees with Plaintiffs that, pursuant to the cited statutes, the possibility exists that Defendant Yank may be personally liable for some or all of the incurred liabilities.  In seeking to hold Defendant Yank liable for the debts of Taylor Roofing Solutions, however, Plaintiffs rely on the payroll examination performed by Plaintiffs' accountants for the time period of August 22, 2017, through May 31, 2019.  Plaintiffs acknowledge that Taylor Roofing Solutions was administratively dissolved in the State of Missouri on or about October 17, 2018, and in the State of Illinois on or about November 9, 2018.  The Court finds Defendant Yank may only be held liable for liabilities incurred after the effective dates of the dissolutions.  *See, e.g.*, *Local 513, Intern. Union of Operating Engineers, AFL-CIO v. Susie's Constr., Inc.*, No. 4:10CV1250 RWS, 2010 WL 3724871 (E.D. Mo. Sep. 17, 2010) (holding individual defendants

Case: 4:18-cv-01862-JCH Doc. #: 102 Filed: 01/24/22 Page: 18 of 18 PageID #: 1273

liable for debts incurred from 2007 on, by a corporation that was administratively dissolved in 1998); *Laborers' Pension Fund v. Nationwide Environmental*, No. 11 C 500, 2011 WL 10755892, at *2 (N.D. Ill. Mar. 16, 2011) (internal quotation marks and citation omitted) (emphasis added) ("Illinois courts have consistently held that officers can be personally liable for debts incurred on behalf of the former corporation *after it had been dissolved.*"). Thus, because Plaintiffs fail to distinguish between debts incurred before and after the dissolutions of Taylor Roofing Solutions, the Court finds that genuine issues of material fact remain with respect to the issue of damages, and so Plaintiffs' Motion for Summary Judgment must be denied.[11]

## CONCLUSION

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion for Summary Judgment (ECF No. 80) is **DENIED**, in accordance with the foregoing.

**IT IS FURTHER ORDERED** that this matter is set for a **NON-JURY** trial on **April 4, 2022**, at **9:00 A.M.**

Dated this 24th Day of January, 2022.

/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE

---

[11] In addition to the above, during the trial of this matter the Court will entertain evidence on the issue of whether and to what extent Defendant Yank is entitled to a set-off of any amounts due as a result of Plaintiffs' settlement with former Defendant Beltran Contractors.