**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

NATIONAL ROOFING INDUSTRY           )
PENSION PLAN, et al.,                            )
                                                            )
              Plaintiffs,                             )
                                                            )
        v.                                                )          No. 4:18CV1862 JCH
                                                            )
TAYLOR ROOFING SOLUTIONS, INC., et   )
al.,                                                        )
                                                            )
              Defendants.                          )

**MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiffs' Motion for Entry of Full Default Judgment

against Defendants Taylor Roofing Solutions, Inc.; Taylor Roofing Solutions, Inc., d/b/a Capitol

Roofing Solutions; and Capitol Roofing Solutions, L.L.C. (collectively "Defendants"), filed July

2, 2021.  (ECF No. 79).  Plaintiffs bring this action under Section 301 of the Labor Management

Relations Act of 1947 ("LMRA"), as amended, 29 U.S.C. § 185, and Sections 502 and 515 of the

Employee Retirement Income Security Act of 1974 ("ERISA"), as amended, 29 U.S.C. §§ 1132

and 1145, as well as pursuant to the Missouri Uniform Arbitration Act and Section 301 of the

LMRA, to confirm an arbitration award and enforce the collective bargaining agreement.

In an Order entered October 16, 2019, the Court found that Defendants Taylor Roofing

Solutions, Inc., Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, and Capitol

Roofing Solutions, L.L.C. have operated as a single enterprise and single employer, such that

each of them is bound to the collective bargaining agreement with the United Union of Roofers,

Waterproofers and Allied Workers, Local Union No. 2, AFL-CIO ("the Union"), and they are

jointly and severally liable for the amounts found to be owed to Plaintiffs.  (*See* ECF No. 42, P.

2).  The Court further found that Defendant Capitol Roofing Solutions, L.L.C., is jointly and severally liable for all amounts owed by Defendant Taylor Roofing Solutions, Inc. to Plaintiffs, as Defendant Capitol Roofing Solutions, L.L.C., is an alter ego of Taylor Roofing Solutions, Inc., and as a result Capitol Roofing Solutions, L.L.C. is bound to the collective bargaining agreement with the Union.  (*Id.,* PP. 2-3).  The Court also confirmed the decision issued by the Roofers Local 2 Joint Adjustment Board on January 12, 2018.  (*Id.*, P. 3).

In its October 16, 2019, Order, the Court ordered Defendants to "submit to a financial examination for the period of August 22, 2017, to date within thirty (30) days of this Court's order."  (*Id.*, P. 3).  The financial examination was completed, and found that Defendants owe Plaintiffs $835,941.14 in unpaid contributions, $163,243.58 in unpaid wages, and $48,542.20 in unremitted working dues to the Union.  Additionally, the collective bargaining agreements and ERISA, 29 U.S.C. § 1132(g)(2), provide for liquidated damages in the amount of twenty percent (20%) of the unpaid contributions.  Defendants therefore are also liable to Plaintiffs for liquidated damages in the amount of $167,188.23, which is 20% of the $835,941.14 in unpaid contributions.  Thus, the total amount owed to Plaintiffs in unpaid contributions, wages, working dues, and liquidated damages is $1,214,915.15.

Additionally, the collective bargaining agreements and ERISA, 29 U.S.C. § 1132(g)(2), require Defendants to pay Plaintiffs' attorneys' fees, accounting fees and costs.  Plaintiffs incurred $13,835.00 in payroll examination fees.  Based on the evidence presented, the Court finds that the services performed by Plaintiffs' accountants were reasonable and necessary to the litigation of this case, that the rates charged were reasonable, and that the amount sought for payroll examination fees is reasonable.  Further, Plaintiffs are entitled to attorneys' fees and

costs, which will be calculated by the Court after Plaintiffs have submitted a motion with supporting evidence of the costs and fees incurred in this matter.  *See* 29 U.S.C. § 1132(g)(2).

Upon review of the record, however, the Court notes that in its October 16, 2019, Order, it also found that Defendant Beltran Contractors, LLC, had operated as a single enterprise and single employer with the other corporate Defendants, such that Beltran Contractors, LLC, was bound to the collective bargaining agreement with the Union, and  jointly and severally liable for the amounts found to be owed to Plaintiffs.  (*See* ECF No. 42, P. 2).  The Court further found that Defendant Beltran Contractors, LLC, was jointly and severally liable for all amounts owed by Defendant Taylor Roofing Solutions, Inc. to Plaintiffs, as Defendant Beltran Contractors, LLC, was an alter ego of Taylor Roofing Solutions, Inc., and as a result Defendant Beltran Contractors, LLC, was bound to the collective bargaining agreement with the Union.  (*Id.,* PP. 2-3).

After attorney Robb E. Hellwig of the law firm of Stone, Leyton & Gershman, P.C., entered his appearance as counsel for Defendant Beltran Contractors, LLC, the Court granted Defendant Beltran Contractors, LLC's Motion to Set Aside Entry of Partial Default and Order of Partial Default Judgment.  (*See* ECF Nos. 59, 60, 64).  Plaintiffs eventually entered into a Settlement Agreement with Defendant Beltran Contractors, LLC, and stipulated to the dismissal of their claims against said Defendant with prejudice.  (*See* ECF No. 86).[1]

Upon consideration of the foregoing, the Court is of the opinion that Defendants Taylor Roofing Solutions, Inc., Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions, and Capitol Roofing Solutions, L.L.C., may be entitled to a set-off against the amounts owed to Plaintiffs, as a result of Defendant Beltran Contractors, LLC, having made payment on the joint

---

[1] The terms of the parties' Settlement Agreement are not known to the Court.

and several liability.  As the amount of Defendant Beltran Contractors, LLC's payment, if any, is unknown, the Court will hold a hearing on the issue of damages to be awarded in this Default Judgment.

Accordingly,

**IT IS HEREBY ORDERED** that a hearing on Plaintiffs' Motion for Entry of Full Default Judgment against Defendants Taylor Roofing Solutions, Inc.; Taylor Roofing Solutions, Inc., d/b/a Capitol Roofing Solutions; and Capitol Roofing Solutions, L.L.C. (ECF No. 79) will be held at **9:00 A.M.** on **Monday, April 4, 2022**.


Dated this 24th Day of January, 2022.


/s/ Jean C. Hamilton
UNITED STATES DISTRICT JUDGE